1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS URENA-VALENCIA, | ) | 1:05-CV-1571 AWI SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| | ) | APPOINTMENT OF COUNSEL |
| v. | ) | [Doc. #1] |
| | ) | |
| | ) | ORDER GRANTING PETITIONER LEAVE |
| CHUCK GILKEY, Warden, | ) | TO FILE AMENDED PETITION |
| | ) | |
| Respondent. | ) | ORDER DENYING MOTION FOR |
| | ) | EXPEDITED STATUS |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 9, 2005, the Federal Defender's Office opened the instant habeas action with a motion to appoint counsel. The motion is improper in several respects. First, a non-capital habeas action cannot be opened with a motion to appoint counsel; the first pleading is to be the actual petition. Second, the motion is unsigned by Petitioner but purportedly on his behalf. Third, the Federal Defender's Office has not been appointed to represent Petitioner. Title 18 U.S.C. § 3006A authorizes the appointment of counsel "[w]henever the United States magistrate judge or the court determines that the interests of justice so require."  This determination has not been made; therefore, the Federal Defender has not been authorized to prosecute this action on Petitioner's behalf. In the

1    event the Court determines that the interests of justice require the appointment of the Federal

2    Defender, the Court will so order, either *sua sponte* or at the request of Petitioner. Thus, the instant

3    motion must be denied.

4          On the same date and subsequent to filing the motion to appoint counsel, the Federal

5    Defender's Office filed a petition for writ of habeas corpus, also without the Petitioner's signature.

6    Because the Federal Defender has not been appointed to represent Petitioner and the petition does

7    not contain an original signature from Petitioner, this filing is also unauthorized. Petitioner will be

8    granted leave to file a petition with his original signature.

9          On January 26, 2006, Petitioner filed a motion for expedited treatment of this case. The Court

10   does not have an expedited calendar.  Petitioner is advised that the Court acts to resolve all pending

11   cases in the most efficient manner possible. The Court is aware of Petitioner's time concern, but the

12   Court's docket of pending cases is substantial.

13         Accordingly, IT IS HEREBY ORDERED:

14         1.     The motion for appointment of counsel is DENIED without prejudice;

15         2.     The Clerk of Court is DIRECTED to remove the Federal Defender as counsel of

16                record and substitute Petitioner in as proceeding pro se;

17         3.     Petitioner is GRANTED fifteen (15) days from the date of service of this order to file

18                an amended petition including his original signature;

19         4.     The Clerk of Court is DIRECTED to re-issue the new case documents to Petitioner;

20                and

21         5.     The motion for expedited treatment is DENIED.

22   IT IS SO ORDERED.

23   **Dated:    February 12, 2006             /s/ Sandra M. Snyder          **
     icido3                                 UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28